

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# Rivera v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3254

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rivera v. Comm Social Security" (2009). *2009 Decisions.* Paper 1601.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1601

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3254

_____

DANIEL RIVERA,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cv-03233)
District Judge: Honorable Dickinson R. Debevoise

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2009

Before: FUENTES, CHAGARES and TASHIMA,[*] *Circuit Judges*

(Filed: April 1, 2009)

_____

OPINION

_____

_____

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United
States Court of Appeals for the Ninth Circuit, sitting by designation.

1

TASHIMA, *Circuit Judge*:

Daniel Rivera ("Rivera") appeals the District Court's affirmance of the Social Security Administration's ("SSA") denial of his application for disability insurance and social security insurance.

## I.

Rivera is 44 years old. He has a high school education and past work experience as a machine maintenance and assembly line worker. He alleges that he became disabled on February 1, 2004, citing asthma, high blood pressure, swelling, hives, and back pain. Rivera has had asthma since childhood, developed high blood pressure and back pain in 1992, and was treated on multiple occasions between April 14, 2004, and August 25, 2004, for his skin problems.

An SSA physician examined Rivera and diagnosed him with arthritis of the lumbosacral spine, asthma, and hypertension. The SSA then denied Rivera's application for benefits initially and on reconsideration, and he sought a hearing before an Administrative Law Judge ("ALJ").

At his hearing, Rivera testified that he could not care for himself and relied on his girlfriend to perform all necessary housework. He stated he could drive, but only did so to attend doctors appointments. Rivera further testified that he could shower, shave, dress himself, and lift between twenty and twenty-five pounds. After reviewing the medical reports and testimony, the ALJ denied Rivera's claim. Rivera appealed to the SSA Appeals Council, which denied his request for review, rendering the ALJ's decision final.

2

Rivera then challenged the denial of benefits in the District Court.

**II.**

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the ALJ's decision to "determine whether it is supported by substantial evidence." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 545 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)).

The Social Security Act defines "disability" as the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). ALJs evaluate eligibility for disability benefits using a five-step sequential process. See 20 C.F.R. § 404.1520(a)(4); Williams v. Sullivan, 907 F.2d 1178, 1180 (3d Cir. 1992). If the ALJ finds a claimant disabled or not disabled at any step, she makes a final determination and does not go on to the next step. 20 C.F.R. § 404.1520 (a)(4).

At step one, the ALJ determined that Rivera was not engaged in any substantial gainful activity. See id. at § 404.1520(a)(4)(i). At step two, the ALJ determined that Rivera's asthma, back disorder, and high blood pressure qualified as severe impairments.

See id. at § 404.1520(a)(4)(ii). At step three, the ALJ determined that Rivera's impairments, although severe, did not meet or equal the clinical criteria of any impairments listed in the regulations. See id. at § 404.1520(a)(4)(iii). At step four, the ALJ considered Rivera's residual functional capacity and concluded that he retained the ability to perform his past relevant work, directing a finding of no disability. See id. at § 404.1520(a)(4)(iv). The findings at steps one through three are not in dispute. Rivera contends that the ALJ erred in making his step-four finding.

The SSA evaluating physician determined that Rivera did not suffer from acute distress, walked normally without an assistive device, could walk on heels and toes without difficulty, could perform a full squat, needed no help getting on and off the exam table, exercised a full range of motion, could rise from a chair with no difficulty, had no motion sensory deficit, and had no muscle atrophy. There is no medical evidence in the record that contradicts the SSA physician's findings.

Rivera offered personal medical records and his own testimony to support his claim that he could not return to work. Rivera's personal medical records, however, do not suggest that he is unable to return to his prior occupation, and his testimony is both inconsistent with his disability applications and uncorroborated. Even taking Rivera's testimony as true, he admits to having abilities (e.g., driving, capacity to lift twenty to twenty-five pounds, ability to get himself to and from appointments, ability to shower, dress, and shave) that support an inference that he is capable of returning to his past work. We thus conclude that sufficient evidence supports the ALJ's conclusion that none of

4

Rivera's impairments, alone or in concert, precluded him from returning to his prior occupation as an assembly line worker.

Rivera also contends that the ALJ failed to take his obesity into account as Social Security Ruling ("SSR") 02-1P, 2000 WL 628049, expressly requires. The SSR instructs adjudicators "to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity," and reminds them to consider "the combined effects of obesity with other impairments" when making disability determinations. SSR 02-1P, 2000 WL 628049, at *1.

> In his decision denying Rivera's claim, the ALJ made the following finding:
>
> While the record indicates that the claimant was obese, the undersigned finds that the claimant's obesity alone or in combination with her [sic] other impairments does not cause additional or severe limitations on the claimant's functioning that would prevent him from performing routine movement and the necessary physical activities required within the work environment on a regular or continuing basis.

Evidence in the record supports the ALJ's conclusion. Rivera is overweight, as the SSA physician recognized, but the medical evidence does not suggest that his obesity would prevent him from returning to his past work. When the ALJ determines that obesity, either alone or in concert with other conditions, is not a relevant factor, there is no requirement that an ALJ repeat this determination throughout each step of the sequential analysis. See Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005).

For the reasons set forth above, we will **AFFIRM** the judgment of the District

Court.